IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Ocean Tomo LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 22 C 4966 |
| v. | ) | |
| | ) | Hon. Jorge L. Alonso |
| Golabs, Inc., d/b/a GOTRAX, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

In this diversity case, Plaintiff Ocean Tomo, LLC ("Plaintiff" or "Ocean Tomo") brings suit against Defendant Golabs, Inc. d/b/a/ GOTRAX ("Defendant" or "GoLabs"), asserting claims of breach of contract, quantum meruit, and accounts stated for failing to pay for consulting services provided by Plaintiff. Before the Court is Defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction and because the dispute is the subject of a first filed case in the 298th District Court in Dallas County, Texas, captioned *GoLabs Inc. d/b/a GoTrax v. Ocean Tomo, LLC*, Case No. DC-22-07407 ("Texas Action"). For the following reasons, the Court denies the motion.

**BACKGROUND**

In resolving Defendant's Rule 12(b)(2) motion, the Court assumes the truth of the operative complaint's factual allegations and resolves any factual disputes in the plaintiff's favor. *Curry v. Revolution Labs., LLC*, 949 F.3d 385, 392 (7th Cir. 2020); *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F. 3d 773, 782-83 (7th Cir. 2003) ("…under the prima facie

1

standard, the plaintiff is entitled to have any conflicts in the affidavits (or supporting materials) resolved in its favor.").

In July 2019, the parties executed a service-client agreement ("GoLabs Agreement") between Walmart Inc., Wal-Mart Stores Texas, LLC, and Wal-mart.com USA LLC (collectively "Walmart") and Defendant on the one hand, acting through DLA Piper LLP (US) ("DLA Piper"), engaging consulting services from Plaintiff on the other hand in connection with *Unicorn Global, Inc. et al v. GoLabs Inc. d/b/a GOTRAX et al.*, No. 3:19-cv-00754-N (N.D. Tex.) ("Unicorn I"). (GoLabs Agreement 1, ECF No. 9-1.) The GoLabs Agreement was signed by Michael K. Milani from Ocean Tomo, Tony V. Pezzano from DLA Piper, and Longman Zhao from GoLabs. (GoLabs Agreement 4-5, ECF No. 9-1.)

Plaintiff provided services to Defendant in Unicorn I including preparation for hearings, trial, expert reports, expert declarations, and expert depositions. (Compl. ¶ 11, ECF No. 9-1.) During the course of the engagement, GoLab's attorney Mr. Pezzano left DLA Piper and began working for a different firm, Offit Kurman. (*Id.* ¶ 13.) Mr. Pezzano nonetheless continued to represent GoLabs. (*Id.*)

In February 2021, GoLabs sued Unicorn Global, Inc. in the United States District Court for the Northern District of Texas, Case No. 3:21-cv-311 ("Unicorn II"), regarding several of the same patents at issue in Unicorn I. (*Id.* ¶ 14.) Plaintiff provided consulting services for Unicorn I and Unicorn II (*id.* ¶¶ 14-15), but the parties disagree as to whether the scope of the GoLabs Agreement extends to services rendered in connection with Unicorn II. Plaintiff's services on Unicorn II have allegedly gone unpaid, as has some of its work on Unicorn I. (*Id.* ¶¶ 11, 15-20.)

The GoLabs Agreement includes the following termination provision: "Unless previously terminated or extended by mutual agreement between Ocean Tomo on the one hand, and DLA

2

Piper, Golabs, and Walmart on the other, Ocean Tomo's engagement and this Agreement will terminate upon the conclusion of Ocean Tomo's participation in the above-captioned matter and the issuance of a final invoice for services rendered." (GoLabs Agreement 3, ECF No. 9-1.) The caption of the GoLabs Agreement names the following lawsuit, without reference to a specific case number: "RE: *Unicorn Global, Inc. Hangzhou Chic Intelligent Technology Co., Ltd., and Shenzhen Uni-Sun Electronic Co., Ltd. v. [GoLabs], Ama[z]on.com, Inc., Amazon.com, LLC, and [Walmart.]*" (GoLabs Agreement 1, ECF No. 9-1.)

    The GoLabs Agreement also states the following forum selection clause:

> This Agreement shall be governed by and construed in accordance with the laws of the State of Illinois without regard to principles of conflicts of laws. The federal or state courts of the State of Illinois shall have exclusive jurisdiction of any claims arising out of this Agreement. EACH OF THE PARTIES HEREBY IRREVOCABLY WAIVES ALL RIGHTS SUCH PARTY MAY HAVE TO A TRIAL BY JURY IN ANY LEGAL ACTION OR PROCEEDING ARISING OUT OF OR IN CONNECTION WITH THIS AGREEMENT.

(*Id.* at 4.) In December 2022, the Dallas County District Court for the 298th Judicial District dismissed the Texas Action based on the mandatory forum selection clause. (Pl.'s Notice of Supp. Authority 1, ECF No. 27.)

    This Court has subject matter jurisdiction under 28 U.S.C. § 1332 because the suit is between citizens of different states and the amount in controversy exceeds seventy-five thousand dollars. 28 U.S.C. § 1332(c)(1). Defendant is a Texas citizen because it is incorporated in Texas and its principal place of business is in Texas. (Def.'s Am. Notice of Removal ¶ 7.) Plaintiff is a limited liability corporation with a principal place of business in Illinois and whose domicile is representative of each of its members. *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007); (Def.'s Am. Notice of Removal ¶ 2.) Ocean Tomo has three members, two of which are citizens of Illinois and the other a citizen of California. *Id.* Because Plaintiff is a citizen of

3

Illinois and California, and Defendant is a citizen of Texas, there is complete diversity and therefore the suit is properly before this Court. Lastly, Plaintiff seeks $189,895.00 in monetary compensation and therefore satisfies the amount in controversy. (Compl. ¶ 8, ECF No. 9-1.) The Court therefore has diversity jurisdiction over this case.

## LEGAL STANDARDS

A motion to dismiss under Rule 12(b)(2) challenges a court's jurisdiction over a defendant. *Cent. States, Se. & Sw. Areas Pension Fund v. Phencorp Reins. Co.,* 440 F.3d 870, 873 (7th Cir. 2006); Fed. R. Civ. P. 12(b)(2). Once the defendant moves to dismiss under Rule 12(b)(2), as in this case, the burden is on the plaintiff to establish that the court has personal jurisdiction over the defendant. *RAR, Inc. v. Turner Diesel, Ltd.,* 107 F.3d 1272, 1276 (7th Cir. 1997).

The Court "has personal jurisdiction over a nonresident defendant only if a court of the state in which it sits would have jurisdiction." *Purdue Rsch. Found.*, 338 F.3d at 779. A court may exercise general jurisdiction when the defendant has "'continuous and systematic' contacts with the state in question," or specific jurisdiction "for controversies that arise out of or are related to the defendant's forum contacts." *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 713 (7th Cir. 2002) (citation omitted). However, personal jurisdiction is waivable and "parties can, through forum selection clauses and the like, easily contract around any rule we promulgate." *TruServ Corp. v. Flegles, Inc.,* 419 F.3d 584, 589 (7th Cir. 2007); *see also IFC Credit Corp. v. Aliano Bros. Gen. Contractors*, 437, F.3d 606, 610 (7th Cir. 2006). Generally, the plaintiff need not include facts alleging personal jurisdiction in their complaint, only a short plain statement on the grounds for the court's subject matter jurisdiction. *Purdue Research Found.*, 338 F.3d at 782; *In re Teknek, LLC,* 354 B.R. 181, 190 (Bankr. N.D. Ill. 2006); Fed. R. Civ. P. 8(a). The court may

4

consider materials submitted outside the pleadings when ruling on a 12(b)(2) motion to dismiss for lack of personal jurisdiction. *Purdue Rsch. Found.,* 338 F.3d at 782.

There are two possible ways in which a court makes factual determinations on a 12(b)(2) motion to dismiss: (1) based on pleadings and other materials submitted in relation to the motion, or (2) through an evidentiary hearing. *Teknek,* 354 B.R. at 190. More commonly, courts make determinations based on pleadings, affidavits and submitted written material alone when there are no material facts disputed and thus no evidentiary hearing is needed. *Id.*; *Purdue Rsch. Found.*, 338 F.3d at 782. In that case, a plaintiff need only meet a *prima facie* standard for purposes of evidence of the court's personal jurisdiction over the defendant and the court must consider all well-pleaded facts as true. *Purdue Rsch. Found.*, 338 F.3d at 782 (quoting *Hyatt,* 302 F.3d at 713); *see also Curry,* 949 F.3d at 393. In determining whether the *prima facie* standard has been met, a plaintiff is entitled to the resolution of all nonmaterial factual disputes in its favor. *Purdue Rsch. Found.*, 338 F.3d at 783.

Alternatively, a court may permit discovery in aid of the motion or conduct an evidentiary hearing. *Teknek,* 354 B.R. at 190. A court need not hold an evidentiary hearing unless there is a dispute of material fact pertaining to personal jurisdiction. *Hyatt*, 302 F.3d at 713. Once the Court moves to conduct an evidentiary hearing, Plaintiff bears the burden of demonstrating the existence of jurisdiction by a preponderance of the evidence. *Purdue Rsch. Found.*, 338 F.3d at 782. For the reasons discussed below, there are no disputes of material fact pertaining to personal jurisdiction and so an evidentiary hearing is not needed here.

## DISCUSSION

Defendant, a Texas-based company, moves to dismiss for lack of personal jurisdiction, arguing primarily that it does not have continuous and systematic activity in Illinois by simply

contracting with Plaintiff for consulting services and that Plaintiff's claims do not arise out of or relate to Defendant's sale of products in Illinois. But "personal jurisdiction is waivable and the parties can, through forum selection clauses and the like, easily contract around any rule [the courts] promulgate." *TruServ,* 419 F.3d at 589 (citing *RAR*, 107 F.3d at 1276). The Court accordingly first considers the threshold issue of whether the forum selection clause in the GoLabs Agreement controls.

Defendant argues that Plaintiff does not adequately allege in its complaint that the forum selection clause controls, but Plaintiff has no requirement to do so. The Court must instead consider the argument and evidence presented by Plaintiff's opposition brief and supporting materials. *Purdue Rsch. Found.*, 338 F.3d 773 at 782.

Here, the language of the forum selection clause in the GoLabs Agreement states in pertinent part, "The federal or state courts of the State of Illinois *shall have exclusive jurisdiction* of any claims *arising out of* this Agreement." (GoLabs Agreement 4, ECF No. 9-1 (emphasis added).) A "forum-selection clause should control unless there is a 'strong showing that it should be set aside.'" *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1290-91 (7th Cir. 1989) (citation omitted). There is no contention that the clause is not mandatory. *See Paper Express, LTD. v. Pfankuch Maschinen GmbH,* 972 F.2d 753, 756 (7th Cir. 1992) (a forum selection clause is mandatory when the "language is obligatory" and "clearly manifests an intent to make venue compulsory and exclusive"). The question thus becomes whether Plaintiff's claims in this case "aris[e] out of" the GoLabs Agreement.

Where a complaint invokes and seeks relief under an agreement, the claims asserted therein "arise out of" that agreement. *IAC/InterActive Corp. v. Roston*, 44 F.4th 635, 640 (7th Cir. 2022). Defendant argues that this dispute does not "aris[e] out of" the GoLabs Agreement

because the GoLabs Agreement encompasses only services provided on the Unicorn I litigation, whereas Plaintiff seeks relief for unpaid work done on Unicorn II. But Plaintiff brings its claims for breach of contract, quantum meruit, and accounts stated regarding work done on both Unicorn I and Unicorn II, alleging that Defendant has not paid for the consulting services it received pursuant to the terms of the GoLabs Agreement. (Compl. ¶¶ 14-15, 31-36, ECF No. 9-1.) It is undisputed that the scope of the GoLabs Agreement encompassed at least work completed on Unicorn I. Plaintiff plainly seeks to enforce the GoLabs Agreement for work done on the Unicorn I litigation and so states claims "arising out of" that Agreement. Defendant's argument that the GoLabs Agreement expired is unavailing because a forum selection clause in an expired agreement is still enforceable if the complaint "invokes the Agreement and seeks relief under it." *IAC/InterActive*, 44 F.4th at 640. Plaintiff's complaint does so here.

As for the unpaid work done on Unicorn II, resolving whether Defendant owes Plaintiff involves considering whether the parties contracted for that work, which in turn involves at least in part interpreting the GoLabs Agreement. "When resolving disputes arguably depends on the construction of an agreement, those disputes 'arise out of' that agreement." *IAC/InterActive,* 44 F.4th at 640 (citing *Omron Healthcare, Inc v. Maclaren Exports Ltd.,* 28 F.3d 600, 603 (7th Cir. 1994)). Defendant's argument that it would be unreasonable and unfair to apply the forum selection clause to a dispute over payments that were not contemplated in the Agreement is really just a thinly veiled argument about the contract's interpretation. Defendant's argument that the forum selection clause is invalid and unenforceable with respect to services rendered in connection with Unicorn II because Unicorn II falls outside the scope of the GoLabs Agreement fails for the same reason. In short, construing whether unpaid invoices for services rendered on

Unicorn II fall within the scope of the GoLabs Agreement means Plaintiff's claims for those amounts "aris[e] out of" that Agreement, at least for the purposes of the forum selection clause.

Given this conclusion, the Court need not "wade into the war of inferences waged by the parties about whether the Agreement was still in force," *id.*, including whether there was a valid modification of the GoLabs Agreement, the effect of Mr. Pezzano's departure from DLA Piper, or whether a second agreement was entered into. And because the forum selection clause controls, the Court declines to undertake a general or specific jurisdiction analysis.

## CONCLUSION

For the reasons stated above, Defendant's Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction [11] is denied.

**SO ORDERED.**                                                          **ENTERED: August 2, 2023**

**HON. JORGE ALONSO**
**United States District Judge**