IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Ocean Tomo LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 22 C 4966 |
| v. | ) | |
| | ) | Hon. Jorge L. Alonso |
| GoLabs, Inc., d/b/a GOTRAX, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Defendant Golabs, Inc. d/b/a GOTRAX ("Defendant" or "GoLabs") moves to transfer venue to the Northern District of Texas pursuant to 28 U.S.C. § 1404(a). Plaintiff Ocean Tomo, LLC ("Plaintiff" or "Ocean Tomo") opposes the motion. For the following reasons, the Court denies the motion.

**DISCUSSION**

The Court assumes familiarity with the background facts of this case, as set forth in its August 2, 2023 Order. (ECF No. 28.) On October 17, 2022, Defendant moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction and because the dispute is the subject of a first filed case in the 298th District Court in Dallas County, Texas, captioned *GoLabs Inc. d/b/a GoTrax v. Ocean Tomo, LLC*, Case No. DC-22-07407 ("Texas Action"). This Court denied Defendant's motion on August 2, 2023, finding that the Illinois forum selection clause in the service-client agreement ("GoLabs Agreement") executed by Ocean Tomo, DLA Piper, and GoLabs controls. (ECF No. 28.) The forum selection clause states in pertinent part, "The federal or state courts of the State of Illinois shall have exclusive

1

jurisdiction of any claims arising out of this Agreement." (GoLabs Agreement 4, ECF No. 9-1.) Seemingly dissatisfied with this Court's ruling, Defendant now moves to transfer venue to the Northern District of Texas pursuant to 28 U.S.C. § 1404(a), re-raising many of the same arguments that this Court considered and addressed on Defendant's motion to dismiss.

28 U.S.C. § 1404(a) states, "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." However, "the signing of a valid forum selection clause is a waiver of the right to move for a change of venue on the ground of inconvenience to the moving party." *Nw. Nat'l Ins. Co. v. Donovan*, 916 F.2d 372, 378 (7th Cir. 1990); *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1293 (7th Cir. 1989) ("By virtue of the forum-selection clause, Midwhey has waived the right to assert its own inconvenience as a reason to transfer the case, *i.e.,* the 'great hardship' of litigating in Chicago."); *Trio Video, LLC v. NTL Capital, LLC*, No. 07 C 2719, 2007 WL 2230036, at *4 (N.D. Ill. July 27, 2007) ("By signing the forum selection clause plaintiffs waived any right to defend against a motion to transfer to the selected forum on the basis of inconvenience to them."). "[S]ection 1404(a) may not be used to make an end run around" an enforceable forum selection clause. *Donovan*, 916 F.2d at 378; *compare id*. (enforceable forum selection clause "is not to be circumvented by the grant of a motion for a change of venue"), *with Riviera Fin. v. Trucking Servs., Inc.*, 904 F. Supp. 837, 839 (N.D. Ill. 1995) (unlike forum selection clauses providing that jurisdiction is to be vested exclusively in an agreed-upon forum, "contractual language [that] tells us that courts other than those in Illinois may also have 'nonexclusive' jurisdiction, . . . is precisely the stuff to which the Section 1404(a) balancing process may address itself").

2

The authority on this point is clear. Defendant references none of this authority in its briefing. Because the mandatory forum selection clause controls for the reasons set forth in the Court's August 2, 2023 Order, Defendant has waived its right to move for a change of venue on the ground of inconvenience—the only basis for Defendant's motion.

Defendant's motion fails for additional reasons. "A party moving for transfer under §1404(a) bears the burden of establishing that '1) venue is proper in the transferor district, 2) venue and jurisdiction would be proper in the transferee district, and 3) the transfer will serve the convenience of the parties and witnesses, and is in the interest of justice.'" *Dela Torre v. Nippon Life Ins. Co. of Am.*, No. 22 C 7059, 2023 WL 2868058, at *2 (N.D. Ill. Apr. 10, 2023) (citation omitted). Defendant makes no effort to explain why jurisdiction would be proper in the Northern District of Texas, and it would be hard-pressed to do so in light of the mandatory Illinois forum selection clause that has already been enforced by both this Court and a Texas state court in the Texas Action.

Typically, after a court determines that the forum selection clause controls, it "need not consider the convenience to the parties and witnesses." *Hyatt Franchising, L.L.C. v. Shen Zhen New World I, LLC*, No. 16 C 8306, 2017 WL 372313, at *3 (N.D. Ill. Jan. 26, 2017) (citations omitted). The Court nonetheless notes that Defendant offers no persuasive reason as to why transfer would serve the convenience of the parties and witnesses. "The following factors determine the convenience to the parties and witnesses: (1) the plaintiff's choice of forum; (2) the situs of material events; (3) the relative ease of access to sources of proof; (4) the convenience of the parties; and (5) the convenience of witnesses." *Id.* at *5 (citing *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 978 (7th Cir. 2010)).

Plaintiff resides in Chicago, and so there is a strong presumption in favor of Plaintiff's choice to litigate in its home forum. *Basile v. Prometheus Glob. Media, LLC*, No. 15-CV-10138, 2016 WL 2987004, at *5 (N.D. Ill. May 24, 2016) (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255-56 (1981)). To overcome that presumption, Defendant "has the burden of showing that the transferee forum is clearly more convenient." *Id.* Defendant argues that its principal place of business and place of incorporation are in Texas and briefly notes that "many of the witnesses and evidence are in the Northern District of Texas" because that is where the two actions for which Ocean Tomo provided consulting services (the "Unicorn Litigation") took place. (Def.'s Mot. for Transfer of Venue Pursuant to 28 U.S.C.§ 1404(a) ("Def.'s Mot.") ¶ 14, ECF No. 32.)

Ocean Tomo, however, argues that the material events in question—its work in preparing damages expert reports and declarations and sitting for depositions in the Unicorn Litigation—occurred in Chicago. (Pl.'s Opp'n to Def.'s Mot. to Transfer Venue ("Pl.'s Opp'n") 6, ECF No. 36.) The witness who performed and/or supervised the work at issue resides in Illinois and works out of Plaintiff's Chicago office. (*Id*.) The documents at issue are in Plaintiff's possession in Illinois. (*Id*.) The only thing a transfer to Texas would do is "shift[] inconvenience from one party to another," which cannot support a transfer of venue over the presumption favoring a plaintiff's choice of its home forum. *Research Automation*, 626 F.3d at 978; *Basile*, 2016 WL 2987004, at *6 (same).

Defendant's underdeveloped argument that the first-filed rule applies is not well taken. Defendant states that some unidentified case between the parties was first filed in the Northern District of Texas and so this case should be transferred there on the principles of "comity and sound judicial administration." (Def.'s Mot. ¶ 18.) Plaintiff points out that it is aware of no such case, to which Defendant makes no reply. GoLabs filed the Texas Action against Ocean Tomo in

4

Texas state court, but that case was in fact dismissed for lack of jurisdiction based on the mandatory forum selection clause. (Pl.'s Notice of Supp. Authority 1, ECF No. 27.) Although the Unicorn Litigation took place in the Northern District of Texas, Ocean Tomo was not a party to those actions.

For all of these reasons, Defendant's motion to transfer pursuant to 28 U.S.C. § 1404(a) is denied.

Strangely, neither Defendant nor its attorney responded to Plaintiff's request for sanctions under 28 U.S.C. § 1927 on the basis that the instant motion is frivolous, unsupported by legal authority, and based on factual misrepresentations. That statute states, "Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927.

Under § 1927, "a court may in its discretion impose sanctions only upon a finding of bad faith—meaning extreme negligence, 'serious and studied disregard for the orderly process of justice,' pursuit of claims without plausible factual or legal bases, or conduct that a reasonably careful attorney would know to be unsound." *Olson v. Reynolds*, 484 F. App'x 61, 64 (7th Cir. 2012). "To put this a little differently, a lawyer engages in bad faith by acting recklessly or with indifference to the law, as well as by acting in the teeth of what he knows to be the law[.]" *Boyer v. BNSF Ry. Co.*, 824 F.3d 694, 708 (7th Cir. 2016), *opinion modified on reh'g*, 832 F.3d 699 (7th Cir. 2016) (citations omitted). "Simple negligence, however, is not sufficient to warrant sanctions." *Id*. Further, even if conduct is found to be unreasonable and vexatious, it is within the Court's discretion whether to grant sanctions. *Corley v. Rosewood Care Ctr., Inc. of Peoria*, 388

F.3d 990, 1014 (7th Cir. 2004) ("Section 1927 is permissive, not mandatory. The court is not obliged to grant sanctions once it has found unreasonable and vexatious conduct. It may do so in its discretion.").

Defense counsel's filing of the instant motion, which is largely unsupported by citation of any authority and contains at least one factual inaccuracy, amounts to plain negligence. Their conduct in this case does not, however, rise to the level of extreme negligence that merits sanctions under 28 U.S.C. § 1927, such as "willfully abusing the judicial process and/or pursuing a bad-faith litigation strategy by initiating . . . litigation in a patently inappropriate forum." *Boyer v. BNSF Ry. Co.*, 832 F.3d 699, 702 (7th Cir. 2016). Accordingly, Plaintiff's request for sanctions under 28 U.S.C. § 1927 is denied.

## CONCLUSION

For the reasons stated above, Defendant's Motion for Transfer of Venue Pursuant to 28 U.S.C. § 1404(a) [32] is denied.

**SO ORDERED.**                                                        **ENTERED: December 19, 2023**

**HON. JORGE ALONSO**
**United States District Judge**